The opinion of the Court was delivered by
Munro, J.
The question presented in both these cases is, whether funds belonging to a female ward of the Court of Equity, can be attached in the hands of her guardian, by the creditors of her husband.
There is no principle better settled, than that the wife’s right to her dioses in action is not divested by her marriage. On the contrary, they still continue to belong to her; so that if the husband should die before the wife, she, and not his personal representative will be entitled to them. Reduction into possession then by the husband, is a necessary, and indispensable preliminary to his having any right of property in himself, or to his being able to convey any right of property to another. See McQ. on H. and Wife, p. 46.
If the legal right to the fund in question was not in the husband, it is clear that he had no legal remedy for its recovery against the guardian of his wife. His only remedy was in equity, and the rule in that Court I take to be this, that whenever the husband is compelled to seek the aid of that Court to obtain possession of the wife’s dioses in action, its assistance will be withheld until a provision for the wife is secured, if she desire it.
In the case of Ryan vs. Bull, 2 Strob. Eq. 86, Chancellor Johnston, in delivering the opinion of the Court remarks:
“The money was not subject to the marital rights of the husband. Although due to the wife, it was still a chose in action, resulting from the accountability of the guardian. If *204 the husband had called upon this Court, as he must have done, for an account, undoubtedly the guardian, or any friend of the wife, might have interposed for a settlement.”
In this case, the guardian states expressly that his ward desires a settlement of the fund in question, to her sole and separate use. It is a well-established doctrine, that money in the custody of the law, is not subject to the process of foreign attachment. Bowden vs. Schatzell, Bail. Eq. 360. Nor is a legacy in the hands of an executor. Young vs. Young, 2 Hill, 425. And in Drake on Attach., sect. 476, it is said, “ That persons acting as guardians of infants, are not liable as garnishees in respect of property in their possession as guardians.”
But apart from all this, and assuming every other impediment in the way of the creditor’s remedy to be removed, it is enough for us to know, that the fund in question is still in the custody of the Court of Equity; and that so long as it remains subject to the control of that jurisdiction, the comity of courts forbids that it should be disturbed by any process issuing out of this Court.
Wherefore the motions in both cases are- granted.
O’Neall, Wardlaw and G-lover, JJ., concurred.

Motion granted.